# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### ASSIGNED ON BRIEFS NOVEMBER 24, 2009

## WILLIE WASH v. CORRECTIONAL CORPORATION OF AMERICA, ET AL.

**Direct Appeal from the Circuit Court for Hardeman County**
**No. 08-02-0371     J. Weber McCraw, Judge**

---

**No. W2008-02856-COA-R3-CV - Filed February 18, 2010**

---

Appellant filed a complaint alleging various causes of action against numerous defendants. The trial court dismissed his complaint for failure to comply with the requirements of Tenn. Code Ann. § 41-21-801, et seq.  We affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

ALAN E. HIGHERS, P.J., W.S., delivered the opinion of the Court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Willie Wash, Whiteville, Tennessee, *pro se*

No Brief filed on behalf of the appellee

# MEMORANDUM OPINION[1]

## I. FACTS & PROCEDURAL HISTORY

Willie Wash ("Appellant") is an inmate apparently housed in a facility managed by Corrections Corporation of America ("CCA"). Appellant filed a complaint against numerous defendants, including CCA, in the Hardeman County Circuit Court on October 30, 2008, alleging, among other things, inadequate legal assistance and medical care. On November 6, 2008, the trial court dismissed the complaint for failure to comply with the requirements of Tennessee Code Annotated section 41-21-801, et seq.[2] Appellant timely appealed to this Court.

## II. ISSUES PRESENTED

On appeal, Appellant presents the following issue for review, as we perceive it:

1.    Whether the trial court erred in dismissing Appellant's complaint.

## III. DISCUSSION

When considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and we review the trial court's legal conclusions *de novo* with no presumption of correctness. **Tenn. R. App. P. 13(d);** *Owens v. Truckstops of America*, 915 S.W.2d 420, 424 (Tenn. 1996).

The record before us contains seven "Inmate Grievances" filed by Appellant between December 2007 and October 2008. On December 17, 2007, Appellant filed a grievance claiming that he had been denied access to the correctional facility's law library, and that an

---

[1]Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse

or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

[2]Tennessee Code Annotated section 41-21-801, et seq. governs lawsuits by inmates. The trial court did not specify which requirements were not met.

officer had "interfered with [his] court dates." The following day, Appellant received an "Inappropriate Grievance Notification" stating that his requested solution was outside of the board's discretion, and therefore that his grievance could not be processed. Again, on January 9, 2008, Appellant filed a grievance claiming that he was denied access to the courts and to the law library. An "Inappropriate Grievance Notification" regarding Appellant's claim was rendered on January 14, 2008, finding the grievance inappropriate, as Appellant had already filed a grievance on the issue, and stating that the grievance could not be processed because it lacked specific details as required by the Inmate Grievance Handbook.

Appellant also filed grievances regarding the lack of a trash can in his cell, claiming derogatory remarks were made by an officer, and alleging unprofessional conduct and sexual harassment by officers. Each grievance was deemed inappropriate or otherwise dismissed in documents dated February, April, and June 2008, respectively. Appellant filed a grievance on July 17, 2008, claiming that a facility nurse had interfered with his access to medical care. Appellant contended, among other things, that the nurse prevented him from seeing the doctor, that she neglected to trim his toe nails, and that she failed to provide him with foot cream and lotion. Again, on August 4, 2008, Appellant's grievance was deemed inappropriate because it was not filed within seven days of the occurrence giving rise to the grievance, and because it raised multiple issues. Additionally, a July 29, 2008 "Response of Supervisor of Grieved Employee or Department" was submitted indicating that Appellant had seen the nurse ten times, the doctor four times, and the nurse practitioner once. Finally, Appellant filed a grievance of October 2, 2008, alleging he had been denied treatment by an eye doctor. We find nothing in the record indicating the grievance committee's disposition of the October 2nd claim.

Tennessee Code Annotated section 41-21-806 states:

(a) An inmate who files a claim that is subject to review by the grievance committee established by the department shall file with the court an affidavit stating the date the grievance was filed and the date the final decision was received by the inmate with a copy of the final decision from the grievance committee.

(b) The court shall dismiss the claim if the inmate fails to file the claim before the thirty-first day after the date the inmate receives the final decision from the grievance committee.

(c) If a claim is filed before the grievance procedure is complete, the court shall stay the proceeding with respect to the claim for a period not to exceed

ninety (90) days to permit completion of the grievance procedure.

In his complaint to the trial court, Appellant identifies numerous causes of action, all of which stem from the above-mentioned grievances. The causes of action alleged include the denial of foot cream and healthcare access, being served low-quality food, the nurse's failure to trim his toe nails, inadequate law library supplies, and his need for prescription glasses. We find that as to each cause of action, with the exception of Appellant's claim regarding eye care, more than thirty-one days passed between the grievance committee's decision regarding such and the filing of Appellant's complaint in the trial court on October 30, 2008. Accordingly, we find that the trial court properly dismissed these claims pursuant to Tennessee Code Annotated section 41-21-806(b).

As we stated above, the record before us contains no affidavit stating the grievance committee's decision regarding Appellant's eye care claim.[3] Thus, we find that Appellant has failed to satisfy the requirements of Tennessee Code Annotated section 41-21-806(a), and we affirm the trial court's dismissal of this cause of action. *See Farnsworth v. Kenya*, No. W2001-00961-COA-R3-CV, 2002 WL 54392, at *3-4 (Tenn. Ct. App. Jan 9, 2002); *Reid v. Lutche* No. 01-A-01-9803-CH00168, 1999 WL 166543, at 2-3 (Tenn. Ct. App. Mar. 29, 1999).

## IV.  CONCLUSION

For the aforementioned reasons, we affirm the trial court's dismissal of Appellant's complaint. Costs of this appeal are taxed to Appellant, Willie Wash, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.

---

[3]We note that the record contains no indication that the grievance procedure had not been completed prior to the filing of Appellant's complaint, such that a stay of the trial court proceedings was necessary. *See* **Tenn. Code Ann. § 41-21-806(c)**.